### JARRELL v. STEPHENS et al.

#### No. 1603.

Court of Appeal of Louisiana. First Circuit.

June 9, 1936.

S. I. Foster, of Leesville, for appellant.

D. D. Newman, of Leesville, for appellees.

DORE, Judge.

Plaintiff seeks to recover the sum of $115 which he claims to be due him for work and services in completing a crop of cotton, potatoes, etc., after the death of Clyde Stephens, the husband of defendant Mary Midkiff Stephens. Plaintiff al-

leges in article 3 of his petition that the defendant Mary Midkiff Stephens is indebted unto him in the said sum of $115 in the following manner, to wit:

That, after the death of the said Clyde Stephens in June, 1934, the physical and mental condition of the said wife, Mary Stephens, was such as to require her to be placed in a hospital for treatment; that the said Clyde Stephens left a minor child, and also left a crop growing on his place which had not yet been completed; that a committee composed of the relatives of the deceased and his widow was designated, with the sanction and approval of the widow, the defendant herein, to take over the farm and the property of the deceased in order that this farm and its affairs might be carried out and forwarded and preserved; that plaintiff was employed by this committee and the widow, the defendant herein, the said plaintiff to move on the farm, to take charge of and complete the crop, to take over and be in full charge of the stock and other affairs of the farm, and also to take care of the minor child; that he was to receive as compensation for his services one-fourth of the cotton, sufficient corn for the current year, all of the sweet potatoes that he could raise, and the use of the supplies left on the place by the deceased.

Plaintiff further alleges that he went on the place in pursuance of this agreement about July 1, 1934, and carried out his agreement in full; that a brother of the deceased, one of the members of the committee, sold the cotton and kept the money; that the corn was harvested and placed in the crib and the potatoes were placed in a mound or bank.

Plaintiff alleges that the widow, Mary Stephens, defendant herein, has recovered her health and has moved on the farm and has taken possession thereof; that she refuses to settle with him for his labor and services. He charges that the said defendant Mary Stephens has mortgaged, assigned, and disposed of, or is about to mortgage, assign, and dispose of, the property of the estate for the purpose of defrauding her creditors; and, further, that she has converted, or is about to convert, said property into money or other evidences of debt with intent to place it beyond the reach of her creditors. He further alleges that J. J. Stephens has money in his possession belonging to the estate or to Mary Stephens, and he prays that the said J. J. Stephens be cited as garnishee. Plaintiff also alleges that the succession of the said Clyde Stephens has not yet been opened, but that said widow has accepted said succession simply and unconditionally; that the minor was not represented, and he prays for the appointment of a tutor ad hoc to represent the said minor. Plaintiff prayed for a writ of provisional seizure and attachment to issue and for the seizure of the corn, potatoes, and cattle on the premises under the writ of provisional seizure and for the attachment of the property, rights, and credits of Mary Stephens and of the succession. He prayed for judgment against the "defendants," evidently Mary Stephens and the minor, for the sum of $115.

Mary Stephens filed an exception of no cause of action and of nonjoinder. The minutes show the filing of this exception on March 18, 1935, but the exception itself bears the filing date of April 2, 1935. On the minutes of March 21, 1935, there appears an entry to the effect that, on motion of counsel for plaintiff, the exception of no cause or right of action and misjoinder, shown filed on March 18, 1935, was ordered stricken from the minutes and a preliminary default entered. The minutes do not show that this or another like exception was later filed; however, the minutes do show that on September 4, 1935, the exception of no cause or right of action was taken up, argued, and sustained by the court and the case dismissed. The judgment dismissing the case on the exception was read and signed in open court on September 6, 1935, and plaintiff prosecutes this appeal.

As the judgment is based on an exception of no cause or right of action filed by Mary Stephens alone, our review of the case must necessarily, therefore, be confined to the question of whether or not the petition sets out a cause of action as against her.

Article 3 of the petition is to the effect that Mary Stephens is indebted unto the plaintiff for the amount. As the amount claimed to be due by her grows out of a contract between plaintiff and this defendant, it becomes necessary to determine whether or not the petition sets out a valid contract with her.

Plaintiff alleges that this committee which was designated to look after the farm upon the death of Clyde Stephens was so designated with the approval and consent of the widow; it is then alleged that plaintiff was employed by this committee and the widow for the purpose and on the terms set out in the petition and heretofore stated. If we accept as true this allegation in the petition, and which we must for the purpose of the exception, it seems that the petition shows a personal contract on the part of the defendant Mary Stephens to pay plaintiff for his services. Whether such a contract was made by her as alleged is a question of fact to be determined on the trial of the case.

The fact that the subject of the contract had reference to the property of the succession of Clyde Stephens and inured to the benefit of that succession would not prevent the surviving widow from contracting with reference thereto and, if the property was community, binding herself personally for one-half the debt. If the wife accepted the community as alleged in the petition, she would be liable for one-half of its debts. Therefore, if the obligation to plaintiff be construed as a community debt, the widow, who has accepted that community, would be liable for one-half. If the debt is not community, then, according to the petition, the widow has bound herself personally by employing plaintiff for the purpose and for the consideration set forth in the petition. Of course, the widow could not bind the minor nor in any way effect its interest in the property of the succession. No exception, however, is before us on behalf of the minor, nor are we called upon to determine the legality of the seizure of the succession property under the writs issued in the case. Suffice it to say that, if plaintiff has a cause of action to recover merely a personal judgment against Mary Stephens for all or only one-half of his claim, the case should go to trial on that point, and the petition does set forth a cause of action against her.

We have not been favored by briefs on either side, but, on oral arguments of counsel, it is recalled that the exception was sustained by the lower court on the ground that this defendant at the time of the alleged contract had been interdicted and committed to a hospital for treatment. The trial judge might have known of such facts de hors the record, but we must take the facts as they are set forth in the petition. It is true that the petition states that the widow's physical and mental condition was such after the death of her husband as to require that she be placed in a hospital for treatment, and that she has since recovered her usual health and mind. We certainly would not have the right to assume that this defendant had been interdicted and was incapable of contracting. If such was the case, that is a matter of defense to be set up in proper pleadings. In the absence of any allegation of interdiction of this defendant, it would be necessary for her to allege and prove, in order to avoid the contract, that, at the time the contract was made, she was not only mentally incapable of making the contract, but that her incapacity was notorious or known to plaintiff. Civ.Code, art. 1788.

For these reasons, the judgment sustaining the exception of no cause of action filed by Mary Stephens, the defendant-appellee, is hereby reversed, set aside, and annulled, and the case is hereby remanded to be proceeded with according to law; the costs of this appeal to be paid by defendant-appellee Mary Stephens, and all other costs to await the final results of the case.

Reversed and remanded.